**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LUIS DIAZ,**

                **Plaintiff,**

**-vs-**                                             **Case No. 6:11-cv-955-Orl-22KRS**

**ORTHOMEDX CORPORATION and
JOHN FRALEY,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**     **JOINT MOTION TO APPROVE SETTLEMENT (DOC. NO. 19)**
>
> **FILED:**       **October 28, 2011**

**I. PROCEDURAL HISTORY.**

      Plaintiff Luis Diaz filed a complaint against Defendants Orthomedx Corporation and John Fraley alleging that Orthomedx Corporation and John Fraley failed to pay him overtime compensation required under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Doc. No. 1. The parties advise the Court that they have resolved the dispute, and they ask for approval of their settlement agreement.

## II. APPLICABLE LAW.

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the United States Court of Appeals for the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id.* at 1353. In *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009),[1] the Eleventh Circuit observed that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" *Id.* at 351 (quoting *Maddrix v. Dize*, 153 F.2d 274, 275-76 (4th Cir. 1946)). Therefore, in any case where a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*.

When a settlement agreement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, 307 F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent. *See* 11th Cir. R. 36-2 and I.O.P. 6.

## III. ANALYSIS.

In his answers to the Court's interrogatories, Diaz averred that he was owed $5,128.00 in overtime compensation and liquidated damages if a two-year statute of limitations applies and $8,012.50 if a three-year statute of limitations applies. Doc. No. 18 at 4. Under the settlement agreement, Diaz will receive $4,000.00. Doc. No. 19-1 at 2.

The parties represent that this action involves disputed issues, including whether Diaz was a non-exempt or exempt employee and, if Diaz was a non-exempt employee, the number of overtime hours he worked. Defendants also contends that they did not have actual or constructive knowledge of Diaz working overtime and, therefore, that their conduct was not willful and does not merit a three-year statute of limitations. Due to these factual and legal disputes, Diaz agreed to compromise his claim to resolve the dispute. The reason for the compromise is adequately explained.

Because Diaz has compromised his FLSA claim, the Court must consider whether the payment to Diaz's attorney is reasonable, to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Diaz agreed to accept. Counsel for Diaz states in the Joint Motion for Approval of Settlement that the attorney's fee was separately negotiated from Diaz's recovery. Doc. No. 19 at 5.

Where the attorney's fees were agreed upon separately, without regard to the amount paid to the plaintiff, then, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the

reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (11th Cir. 2009).

Here, the settlement appears reasonable on its face and there is no reason to believe that Diaz's recovery was adversely affected by the amount of fees paid to his attorney. Therefore, I recommend that the Court approve this settlement without considering the reasonableness of the attorney's fees.

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. The Court need not approve the other provisions of the settlement agreement. I note that there is a confidentiality provision in the settlement agreement that is unenforceable, at least in part, due to the public filing of the settlement agreement. Doc. No. 19-1 at 3. Therefore, I recommend that the Court not approve the settlement agreement as a whole or reserve jurisdiction to enforce it.

## IV. RECOMMENDATION.

For the reasons stated in the foregoing report, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA;
2. **GRANT** in part the Joint Motion for Approval of Settlement, Doc. No. 19;
3. **DIRECT** Plaintiff's counsel to provide Plaintiff with a copy of the Court's Order;
4. **DECLINE** to approve the settlement as a whole or to reserve jurisdiction to enforce it; and,

5. **DISMISS** the case with prejudice and **DIRECT** the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 2, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Courtroom Deputy Clerk
Counsel of Record